# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
BAHIA JABAKHANJI,

                      Plaintiff,

-against-

                      **VERIFIED**
                      **COMPLAINT**
                      Index No.:

TARGET STORES, TARGET CORPORATION and
TARGET CORPORATE SERVICES, INC.,

                      Defendants.
-------------------------------------------------------------X

       Plaintiff complaining of the defendants herein by, her attorneys HARMON, LINDER & ROGOWSKY, respectfully set forth and allege, as follows:

### AS AND FOR A CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

1. That at the time of the commencement of this action plaintiff was a resident of the County of Queens, City and State of New York.

2. Defendant TARGET STORES was and still is a foreign business corporation organized in Minnesota and existing under and by virtue of the laws of the State of New York; said defendant is conducting business in the State of New York.

3. Defendant TARGET CORPORATION was and still is a foreign business corporation organized in Minnesota and existing under and by virtue of the laws of the State of New York; said defendant is conducting business in the State of New York.

4. Defendant TARGET CORPORATE SERVICES, INC. was and still is a foreign business corporation organized in Minnesota and existing under and by virtue of the laws of the State of New York; said defendant is conducting business in the State of New York.

5. That at all times herein mentioned, the location of the plaintiff's accident giving rise to this action is and was the lands and premises located at 88-01 Queens Boulevard, in the County of Queens, City and State of New York.

6. That at all times herein mentioned, at said location the defendants operated a store that was as open to and invited members of the public, including the plaintiff, to be its customers and patrons.

7. That on May 26, 2015 at approximately 8:20 P.M, while the plaintiff herein was lawfully within said location and standing near the entranceway when two employees of the defendants were pushing approximately 15 shopping carts in a carelessness manner through the entranceway and in doing so the shopping carts struck the plaintiff's body, legs and feet causing severe injuries as herein after set forth, due to the negligence of the defendants herein.

8. That at all times herein mentioned defendant, TARGET STORES owned certain lands and/or premises at said location.

9. That at all times herein mentioned defendant, TARGET STORES, operated certain lands and/or premises at said location.

10. That at all times herein mentioned defendant, TARGET STORES, managed certain lands and/or premises at said location.

11. That at all times herein mentioned defendant, TARGET STORES, maintained certain lands and/or premises at said location.

12. That at all times herein mentioned defendant, TARGET STORES, controlled certain lands and/or premises located at said location.

13. That at all times herein mentioned defendant, TARGET STORES, through its

acts and/or omissions inadequately and/or improperly owned, operated, managed, maintained and controlled certain lands and/or premises at said location.

14. That at all times herein mentioned defendant, TARGET CORPORATION owned certain lands and/or premises at said location.

15. That at all times herein mentioned defendant, TARGET CORPORATION operated certain lands and/or premises at said location.

16. That at all times herein mentioned defendant, TARGET CORPORATION managed certain lands and/or premises at said location.

17. That at all times herein mentioned defendant, TARGET CORPORATION maintained certain lands and/or premises at said location.

18. That at all times herein mentioned defendant, TARGET CORPORATION controlled certain lands and/or premises at said location.

19. That at all times herein mentioned defendant, TARGET CORPORATION , through its acts and/or omissions inadequately and/or improperly owned, operated, managed, maintained and controlled certain lands and/or premises at said location.

20. That at all times herein mentioned defendant, TARGET CORPORATE SERVICES, INC. owned certain lands and/or premises at said location.

21. That at all times herein mentioned defendant, TARGET CORPORATE SERVICES, INC. operated certain lands and/or premises at said location.

22. That at all times herein mentioned defendant, TARGET CORPORATE SERVICES, INC. managed certain lands and/or premises at said location.

23. That at all times herein mentioned defendant, TARGET CORPORATE SERVICES, INC. maintained certain lands and/or premises at said location.

24. That at all times herein mentioned defendant, TARGET CORPORATE SERVICES, INC., controlled certain lands and/or premises at said location.

25. That at all times herein mentioned defendant, TARGET CORPORATE SERVICES, INC., through its acts and/or omissions inadequately and/or improperly owned, operated, managed, maintained and controlled certain lands and/or premises at said location.

26. That at all times herein mentioned defendants, their agents, servants and/or employees thorough its acts and/or omissions were careless and negligent supervision, ownership, operation and control of the aforesaid premises in causing, allowing and/or permitting the aforesaid employees moving the shopping carts of said premises to do so in a dangerous manner and unsupervised condition, unsecured, free-rolling, unprotected, lacking and/or improper and/or insufficient protective materials around and/or on the carts, unmaintained, negligent, improper and/or unsafe condition; in causing, allowing and/or permitting the aforesaid defendants' employees moving the shopping carts of said premises to be and remain in a hazardous condition; in failing to make proper, timely and adequate inspection thereof; in failing to maintain the aforesaid premises in a proper manner; in the negligent and dangerous design, installation, maintenance and management of the aforesaid area; in failing to set up proper safeguards and/or barriers; in failing to warn persons lawfully traversing the area of the aforesaid dangerous and hazardous condition; in failing to have sufficient and adequate manpower; in failing to protect invitee of said area; in creating a nuisance or trap; in failing to provide and/or use proper equipment; and in otherwise failing to use due care, caution and prudence on the premises.

27. That the defendants herein were at all times under a duty to keep said lands and/or premises in a safe, proper and secured manner, free from unsecured and/or improperly supervised rolling shopping carts.

28. That as a result of the foregoing, the plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

29. That this occurrence and the injuries sustained by the plaintiff were caused by the negligence of defendants.

30. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

31. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants on the Cause of Action together with the costs and disbursements of this action.

Dated:   New York, New York
         August 24, 2015

Mark J. Linder, Esq.
HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, 23rd Floor, Suite 2300
New York, NY 10016

MJL/ACD

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK )

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record or of counsel with the attorney(s) of record for the plaintiff.

I have read the annexed SUMMONS AND VERIFIED COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief. As to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon the following:

Interviews and/or discussions held with the plaintiff(s) and papers and/or documents in the file.

The reason I make this affirmation instead of the plaintiff is because said plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.

Dated:     New York, NY
           August 24, 2015

_____
Mark J. Linder, Esq.

| Index No.: | Year |
|---|---|

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

BAHIA JABAKHANJI,

Plaintiff(s),

-against-

TARGET STORES, TARGET CORPORATION and
TARGET CORPORATE SERVICES, INC.,

Defendant(s).

---

**VERIFIED SUMMONS AND COMPLAINT**

---

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665  Fax: (212) 732-1462

---

To:
Attorney(s) for

---

| Service of a Copy of the within | is hereby admitted. |
|---|---|
| Dated: | Attorneys for |

---

PLEASE TAKE NOTICE:

NOTICE OF ENTRY — That the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on     20

NOTICE OF SETTLEMENT — that an Order of which the within is a true copy will be presented for settlement to the Hon.     one of the Judges of the within named Court, on     20   , at     M.

Dated:

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665  Fax: (212) 732-1462

9/10/2015 12:00:00 AM         000177012G0001         6020150910004004